27081. WESTBROOKS *et al. v.* SUWANEE CONSOLIDATED SCHOOL DISTRICT *et al.*

DECIDED OCTOBER 17, 1938.

*R. F. Duncan,* for plaintiffs in error.

*Frank Simpson, solicitor-general, W. L. Nix, Marvin A. Allison,* contra.

FELTON, J. On motion of the solicitor-general to validate bonds of a school district, objections were filed by several intervenors on the ground that sixty-six named persons who were qualified registered voters had been left off the registration lists furnished to the election managers by the tax-collector. The evidence introduced showed that the school district in question was composed of parts of four militia districts in Gwinnett County; that the registrars did not know the exact boundaries of the school district, and enlisted the aid of the trustees of said school district in purging the list of voters; that twenty-six names of persons who were not

qualified to vote were put on said list of voters; that sixty-six names of persons who were qualified to vote in said election were not placed on said list; and that the list of voters in the respective militia districts which was filed with the clerk of the superior court contained the names of the persons left off the list used by the managers. The court held that the bonds should be validated, and to this order exceptions were taken.

We think that this case is controlled by *Fairburn School District* v. *McLarin,* 166 *Ga.* 867 (144 S. E. 765). While in that case an effort was made to have stricken from the list names of voters who were not entitled to register, it seems to us that the converse is true; and that if the judge of the superior court is without power to strike from the list the names of voters *not even qualified* to register, he is also without power to add to the list names of voters who are registered but which do not appear on the list furnished the election managers. The rule laid down in *Fairburn School District* v. *McLarin,* supra, is that *the purged registration list of voters as delivered by the tax-collector to the election managers must be looked to as showing the total number of votes the prescribed proportion of which must have voted for the issuance of bonds in order* to carry the election. When the statute was enacted the legislature had in mind the existing laws as to how the voters' lists were to be purged, and it was not contemplated that the purging of the registration lists was to be done by the judges of the superior court. The list as purged by the registrars, and furnished by the tax-collector to the election managers, is the list by which all parties are governed; and if a sufficient number of voters whose names appear on that list voted for the issuance of the bonds, the court did not err in ordering their validation.

*Judgment affirmed. Sutton, J., concurs. Stephens, P. J., concurs specially.*